FILED
MAY 11 2023 ᴍᴺ
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

May 11, 2023

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN BODENDORFER | No. 1:23-cr-00300<br>Judge Harry D. Leinenweber<br>Magistrate Judge Maria Valdez<br><br>Violations: Title 18, United States Code, Sections 371 and 1952 |

### COUNT ONE

The SPECIAL JANUARY 2023 GRAND JURY charges:

1. At times material to this indictment:

    a. Cook County was a local government located in the Northern District of Illinois that received more than $10,000 in federal benefits in each of calendar years 2016, 2017, 2018, and 2019.

    b. Individual A was a real estate developer and owner of several real estate companies.

    c. Alex Nitchoff, who was a relative of Individual A, owned a construction company and was involved in the operation of Individual A's companies.

    d. The companies owned and operated by Nitchoff and Individual A in turn owned real estate located in Cook County (the "Nitchoff family properties").

    e. Defendant JOHN BODENDORFER was an employee of Nitchoff's construction company. BODENDORFER and his relatives also owned several parcels of real estate within Cook County (the "Bodendorfer properties").

    f. The Cook County Assessor's Office ("CCAO") was a Cook County governmental office responsible for setting fair and accurate values for real estate

within Cook County. To administer this task, the CCAO reassessed one-third of the properties located in the county each year. The assessed property values were used to calculate property taxes, with lower taxes resulting from lower property value assessments and higher taxes resulting from higher property value assessments.

      g.      A taxpayer could challenge an assessment made by the CCAO by, among other things, filing an appeal with the CCAO seeking to reduce the assessed value.

      h.      Lavdim Memisovski was employed by the CCAO as a commercial group leader and was an agent of Cook County and the CCAO. As a commercial group leader, Memisovski assessed property values for Cook County commercial properties and reviewed property tax appeals for commercial properties.

      i.      Family Member 1 was a relative of Memisovski. Family Member 1 operated a company engaged in the electrical contracting business.

      2.      Beginning in or around 2016, and continuing through in or around June 2019, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOHN BODENDORFER,

defendant herein, did conspire with Individual A, Alex Nitchoff, and other persons known and unknown to the Grand Jury, to corruptly give, offer, and agree to give things of value, namely, home improvement materials, home improvement services, contracts for electrical work, jewelry, meals, sporting events tickets, and other items, for the benefit of Memisovksi, intending that Memisovski, an agent of Cook County, be influenced and rewarded in connection with any business, transaction, and series

2

of transactions of Cook County involving things of value of $5,000 or more, namely, the reduction in the assessed value of property located in Cook County, in violation of Title 18, United States Code, Section 666(a)(2).

### Manner and Means of the Conspiracy

3. It was part of the conspiracy that, for the purpose of corruptly influencing and rewarding Memisovski in connection with his assessment of property values and his review of property tax appeals concerning the Nitchoff family properties, BODENDORFER properties, and other properties, BODENDORFER and others agreed to provide private benefits to Memisovski and to Family Member 1.

4. It was further part of the conspiracy that BODENDORFER, Individual A, Alex Nitchoff, and others arranged for companies to provide home improvement services and home improvement materials to Memisovski and others, and did not require Memisovski and others to pay for these services and materials.

5. It was further part of the conspiracy that Individual A, and Alex Nitchoff, and others provided jewelry, meals, and sporting events tickets to Memisovski and associates of Memisovski at no cost to them.

6. It was further part of the conspiracy that BODENDORFER, Individual A, and Alex Nitchoff, and others caused work to be awarded to Family Member 1's company, and caused Family Member 1 and Family Member 1's company to be paid for this work.

7. It was further part of the conspiracy that, in return for the benefits provided to him and Family Member 1, Memisovski took official action to benefit BODENDORFER, Individual A, Alex Nitchoff, and others, including but not limited

to: (i) ensuring that appeals of property assessments were routed to Memisovski within the CCAO, (ii) extending deadlines for the filing of appeals, and (iii) reducing assessed property values.

8. It was further part of the conspiracy that BODENDORFER, Individual A, Alex Nitchoff, and others used cellular phones to discuss their plans and the progress of the conspiracy.

9. It was further part of the conspiracy that BODENDORFER and his co-conspirators misrepresented, concealed and hid, and caused to be misrepresented, concealed and hidden, and attempted to misrepresent, conceal and hide acts done in furtherance of the conspiracy and the purpose of those acts.

## Overt Acts

10. It was further part of the conspiracy that BODENDORFER and his co-conspirators committed and caused to be committed one or more of the overt acts, within the Northern District of Illinois and elsewhere, in furtherance of and to effect the objects of the conspiracy, including but not limited to the following:

    a. On or about May 31, 2017, Nitchoff placed a call to BODENDORFER during which BODENDORFER told Nitchoff that Memisovski had reduced the assessments on two of BODENDORFER's properties and Nitchoff responded, "that's fine."

    b. On or about June 8, 2017, Nitchoff placed a call to BODENDORFER during which they discussed BODENDORFER visiting Memisovski's house to look into fixing Memisovski's sprinkler.

4

c. On or about June 25, 2017, Nitchoff placed a call to BODENDORFER during which BODENDORFER informed Nitchoff that approximately $15,000 to $20,000 of work was set to be performed on Memisovski's house.

d. On or about July 5, 2017, BODENDORFER placed a call to Nitchoff and told him that BODENDORFER had caused the delivery of gravel to Memisovski's house.

e. On or about September 14, 2017, Memisovski placed a call to BODENDORFER during which BODENDORFER stated that he knew Memisovski had helped BODENDORFER and the Nitchoff family with assessments and that what Memisovski received in return was "not even 5% of what" Memisovski did for the Nitchoff family.

f. On or about November 28, 2017, BODENDORFER placed a call to Memisovski and asked to be kept informed if BODENDORFER's workers were doing work for Memisovski. BODENDORFER also stated that Memisovski's address was not on any invoices so there was "no paper trail" and nothing "to worry about."

g. On or about January 26, 2018, BODENDORFER sent a text message to Memisovski that contained the address and property identification number for one of the BODENDORFER properties.

h. On or about February 5, 2018, Individual A placed a call to BODENDORFER, during which BODENDORFER told Individual A that workers

5

had performed work on the soffit, fascia, gutters, and windows at Memisovski's house and should be compensated $2,500.

      i.      On or about December 21, 2018, BODENDORFER placed a call to Memisovski, during which call BODENDORFER stated that a worker would be arriving at Memisovski's house to work on the drywall.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The SPECIAL JANUARY 2023 GRAND JURY further charges:

On or about January 26, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOHN BODENDORFER,

defendant herein, used a facility in interstate commerce, namely, a cellular telephone assigned telephone number (773) XXX-8167, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely, a violation of Chapter 720 Illinois Compiled Statutes § 5/33-1(a), (c) (bribery), and thereafter, the defendant did perform, did cause to be performed and attempt to perform an act to carry on and facilitate the promotion and carrying on of said unlawful activity;

In violation of Title 18, United States Code, Section 1952(a)(3).

## COUNT THREE

The SPECIAL JANUARY 2023 GRAND JURY further charges:

On or about December 21, 2018, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JOHN BODENDORFER,

defendant herein, used a facility in interstate commerce, namely, a cellular telephone assigned telephone number (773) XXX-8167, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, namely, a violation of Chapter 720 Illinois Compiled Statutes § 5/33-1(a), (c) (bribery), and thereafter, the defendant did perform, did cause to be performed and attempt to perform an act to carry on and facilitate the promotion and carrying on of said unlawful activity;

In violation of Title 18, United States Code, Section 1952(a)(3).

A TRUE BILL:

_____
FOREPERSON

_____
Signed by Brian Hayes on behalf of the
ACTING UNITED STATES ATTORNEY